IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| NOLAN CRAIG MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-088 |
| | ) | |
| CORE CIVIC; WHEELER; GDC; | ) | |
| SGT. PITTS a/k/a Sgt. Pittman; and | ) | |
| THE STATE OF GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Smith State Prison in Glennville, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   **SCREENING THE COMPLAINT**

   A.   **BACKGROUND**

Plaintiff names the following Defendants: (1) Core Civic; (2) Wheeler Correctional Facility ("Wheeler"); (3) the Georgia Department of Corrections ("GDC"); (4) Sgt. Pitts, a/k/a Sgt. Pittman; and (4) the State of Georgia. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In a five-page statement of claim containing no dates, Plaintiff alleges Wheeler "created a condition where [Plaintiff] had to fight and struggle to stay alive through rapes, stabbings, and extortion." (Id. at 5.) With no specifics, Plaintiff explains he has suffered various injuries while incarcerated at Wheeler, where he has been beaten, forced to strip naked, pepper sprayed, starved, threatened, denied medical attention, and kept in the hole for weeks at a time. (Id. at 5, 7-8.) Plaintiff describes an instance when he was provided a razor blade while in the hole during a mental health crisis. (See id. at 5, 8.) Afterwards, Plaintiff told prison staff he would cut himself if he was not able to speak to police, family, or someone outside Wheeler. (Id. at 7.) Plaintiff then returned the razor blade to prison staff in exchange for a phone call with his cousin, which he implies he did not receive. (Id.)

Gang members have committed various drug and financial crimes at Wheeler with the support of prison staff. (Id. at 6.) In response, Plaintiff contacted the Adult Parole Authority to report the illegal activities of prison staff. (Id.) The Parole Authority referred Plaintiff to GDC, who contacted Wheeler, whose staff retaliated against Plaintiff for the report. (Id.) However, Plaintiff also describes an experience where he was in the hole, and after three or four weeks spoke with Chief Hodges and Investigator Powel, who took his email password. (Id. at 7.) Because he cooperated with their investigation, Plaintiff was given a "wardens bag." (Id.) Plaintiff filed a grievance to report other bad behavior at Wheeler. (Id.) In response, Plaintiff alleges, "I was offered my freedom, as well as my GED from the warden herself if I just kept quiet and cooperated." (Id.) Weeks later, Plaintiff found sharp objects and other unusual things in his food. (Id.)

At some point, Plaintiff was instructed by gang members to retrieve drugs from another inmate at Wheeler. (Id.) After Plaintiff did so, Defendant Pittman, who already knew about the

2

drugs, then searched Plaintiff with four other officers, confiscated the drugs, and threatened Plaintiff if he did not reveal the source of the drugs. (Id.) The officers released Plaintiff to his dorm with no charges or other evidence that they confiscated the drugs, so gang members assumed Plaintiff stole those drugs. (Id.) Plaintiff states he was almost killed by gang members and inmates and prison staff withheld Plaintiff's access to phone calls in response. (Id.)

While under twenty-four-hour surveillance, Plaintiff was stripped naked and ordered to wear a green smock and sleep on a metal bed under bright lights. (Id. at 8.) Prison staff then "brought [him] things" Plaintiff could not have as an inmate, brought him breakfast and a mat, and turned off the air. (Id.) Prison staff subsequently became angry at Plaintiff for possessing the items they bought him, including a razor. (Id.) Plaintiff was recorded stating he was not suicidal, but only needed help. (Id.) In response, Defendant Pittman visited Plaintiff's cell, told Plaintiff, "enough f****** talking," and pepper sprayed him "without cause or threat to [Pittman] until [Plaintiff] cut [his] wrist." (Id.) While Plaintiff's wrists were bleeding, Defendant Pittman handcuffed Plaintiff, twisted his arms behind his back, took him in the shower, told him he did this to himself, then returned Plaintiff to his cell. (Id.) Plaintiff, who was bleeding, wet from the shower, blind from the pepper spray, and still nude under the smock, sat alone in his cell for ten hours with the air conditioning blowing. (Id.) Plaintiff states he was "left to die." (Id.) Plaintiff was then transferred to Augusta State Medical Prison. After visiting Augusta State Medical Prison, Plaintiff was moved to Baldwin State Prison, Johnson State Prison, then Smith State Prison.

At the end of his statement of claim, Plaintiff briefly states Defendants "all have a part in the abuse [he has] faced." (Id.) Plaintiff submitted a grievance on these issues while at Johnson State Prison, which was either denied or ignored. (Id. at 3.)

B.  **DISCUSSION**

1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> 1. **Plaintiff Fails to State a Claim Against Defendants Wheeler, GDC, and the State of Georgia**

"The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."); Stevens, 864 F.2d at 115 (Eleventh Amendment bars suit against GDC); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."). Because Defendant the State of Georgia has sovereign immunity against Plaintiff's § 1983 claims, and Defendant GDC is an agency of the state, both should be dismissed from the case.

Likewise, Plaintiff fails to state a claim against Defendant Wheeler because jails and prisons are not legal entities subject to liability in § 1983 claims. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by*

5

2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law).  Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation.  See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Accordingly, Plaintiff's claims against Defendants Wheeler, GDC, and the State of Georgia should be dismissed for failure to state a claim.

**2.    Plaintiff Fails to State a Claim Against Defendant Core Civic**

Plaintiff names Defendant Core Civic, a private corporation operating at Wheeler, once in the complaint by briskly stating it has "a part in the abuse." (See doc. no. 1, p. 9.) As the Eleventh Circuit has explained, "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008); see also Iqbal, 556 U.S. at 678.  Plaintiff has failed to provide any detail concerning Defendant Core Civic's role in the complaint allegations.

Defendant Core Civic cannot be held liable merely in light of its supervisory position as an employer and administrator of a state prison. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal

6

quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory); see also Vick v. Core Civic, 329 F. Supp. 3d 426, 445 (M.D. Tenn. 2018) (finding Core Civic is a state actor under § 1983, but "[to] hold Core Civic liable, the Plaintiff cannot rely on the theory of respondeat superior or vicarious liability.").

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). "Therefore, to hold an employer such as Core Civic liable, Plaintiff must demonstrate that either Core Civic actually participated in the alleged constitutional violation or there is a causal connection between the actions of Core Civic and the alleged constitutional violation." Anderson v. Hall, No. 5:19-CV-6, 2020 WL 2896682, at *3 (S.D. Ga. May 29, 2020), *adopted by* 2020 WL 3406329 (S.D. Ga. June 19, 2020). Here, though he does expressly not say as much, Plaintiff appears to name Defendant Core Civic not because of the corporation's direct involvement in the events about which he complains, but by virtue of its role as an employer and administrator at Wheeler.

Therefore, Plaintiff must allege a causal connection between Defendant Core Civic and the asserted constitutional violations in order to hold it liable. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a

7

defendant and an alleged constitutional violation); see also Ireland v. Prummell, No. 20-10539, 2022 WL 16912130, at *5 (11th Cir. Nov. 14, 2022) (explaining while private contractors at jails may be liable under § 1983, liability may not be premised on *respondeat superior*); Curtis v. CoreCivic, Inc., No. CV 321-015, 2021 WL 4227065, at *3 (S.D. Ga. Sept. 16, 2021) ("[A] § 1983 plaintiff must also identify the private entity's policy or custom that led to the alleged constitutional violation.").

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Plaintiff has not alleged (1) a history of widespread civil rights abuses by Defendant Core Civic at Wheeler, (2) an improper custom or policy put in place by Defendant Core Civic, or (3) an inference Defendant Core Civic directed the other Defendants to act, or knew they would act, unlawfully. Indeed, as already explained above, Plaintiff minimally states Defendant

Core Civic has "a part" in his claims. Therefore, Defendant Core Civic should be dismissed from this case for failure to state a claim.

### 3. Plaintiff Fails to State a Claim Against Defendant Pittman for Confiscating Drugs

A prison official may violate an inmate's Eight Amendment right by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding a such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To

establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability. Brown, 894 F.2d at 1537. Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff alleges Defendant Pittman put him at serious risk of harm from gang members at Wheeler by failing to produce some evidence or record that Defendant Pittman and other prison staff confiscated drugs from Plaintiff. Plaintiff made the decision to take part in illegal

activity by ferrying drugs across the prison for gang members. Defendant Pittman's decision to search Plaintiff and confiscate those drugs was appropriate, and nothing in the complaint suggests Defendant Pittman acted with deliberate indifference by deciding not to make a formal record of Plaintiff's criminal activity. In fact, Plaintiff is fortunate he was not subjected to greater reprimand by prison officials for possessions of drugs while in prison. Whatever risk Plaintiff faced as a result of returning to his cell empty-handed cannot be attributed to Defendant Pittman, but rather appears to be the consequence of Plaintiff's own actions. Thus, Plaintiff's failure to protect claim against Defendant Pittman related to drugs being confiscated fail to state a claim.

II. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Core Civic, Wheeler, GDC, and the State of Georgia, as well as Plaintiff's failure to protect claim against Defendant Pittman related to the drug confiscation, be **DISMISSED** for failure to state a claim upon which relief may be granted. By separate Order, the Court directs service of process on Defendant Pittman based on Plaintiff's allegations of excessive force and medical deliberate indifference.

SO REPORTED and RECOMMENDED this 12th day of January, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA