IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| NOLAN CRAIG MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 322-088 |
| | ) |
| SGT. HERMAN PITTMAN, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Defendant moves to stay discovery pending resolution of the pre-answer motion to dismiss. (Doc. no. 29.) Plaintiff has filed a "Motion to Proceed with Case" in opposition, arguing discovery is important for him to be able to prove his Eighth Amendment claims. (See doc. no. 36.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's request to stay discovery.

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the defense motion, the Court finds the motion to dismiss has the potential to be dispositive of the entire case, as the motion requests dismissal of all claims. (See doc. nos. 28, 37.) Should the motion to dismiss be denied, Plaintiff will have the opportunity to discover facts relevant to the merits of his case. When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** all discovery as to all parties pending final resolution of Defendant's motion to dismiss. Should any portion of the case remain after resolution of the motion, the Court will reset case deadlines, as necessary.

SO ORDERED this 15th day of May, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA